**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARC WATERMAN, )<br><br>Plaintiff, )<br><br>v. )<br><br>FLEXION THERAPEUTICS, INC.,<br>PATRICK J. MAHAFFY, MICHAEL D.<br>CLAYMAN, SCOTT A. CANUTE, SAMUEL<br>D. COLELLA, UTPAL KOPPIKAR,<br>ELIZABETH KWO, HEATH LUKATCH,<br>ANN MERRIFIELD, ALAN W.<br>MILINAZZO, MARK STEJBACH, PACIRA<br>BIOSCIENCES, INC., and OYSTER<br>ACQUISITION COMPANY INC.,<br><br>Defendants. ) | Case No. _____<br><br>JURY TRIAL DEMANDED |

<u>**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**</u>

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This action stems from a proposed transaction announced on October 11, 2021 (the "Proposed Transaction"), pursuant to which Flexion Therapeutics, Inc. ("Flexion" or the "Company") will be acquired by Pacira Biosciences, Inc. ("Parent") and Oyster Acquisition Company Inc. ("Purchaser").

2.      On October 11, 2021, Flexion's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Parent and Purchaser.  Pursuant to the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase all of Flexion's outstanding

common stock for $8.50 in cash and one contingent value right ("CVR") per share.  The Tender

Offer is set to expire on November 18, 2021.

3.     On October 22, 2021, defendants filed a Solicitation/Recommendation Statement

(the "Solicitation Statement") with the United States Securities and Exchange Commission

("SEC") in connection with the Proposed Transaction.

4.     The Solicitation Statement omits material information with respect to the Proposed

Transaction, which renders the Solicitation Statement false and misleading.  Accordingly, plaintiff

alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange

Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of

the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the

1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a

corporation that conducts business in and maintains operations within this District, or is an

individual with sufficient minimum contacts with this District so as to make the exercise of

jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391 because a portion of the transactions and

wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the

owner of Flexion common stock.

9.     Defendant Flexion is a Delaware corporation and maintains its principal executive

offices at 10 Mall Road, Suite 301, Burlington, MA 01803.  Flexion's common stock trades on the

NASDAQ, which is headquartered in New York, New York, under the ticker symbol "FLXN."

10.     Defendant Patrick J. Mahaffy is Chairman of the Board of the Company.

11.     Defendant Michael D. Clayman is Chief Executive Officer, Co-Founder, and a director of the Company.

12.     Defendant Scott A. Canute is a director of the Company.

13.     Defendant Samuel D. Colella is a director of the Company.

14.     Defendant Utpal Koppikar is a director of the Company.

15.     Defendant Elizabeth Kwo is a director of the Company.

16.     Defendant Heath Lukatch is a director of the Company.

17.     Defendant Ann Merrifield is a director of the Company.

18.     Defendant Alan W. Milinazzo is a director of the Company.

19.     Defendant Mark Stejbach is a director of the Company.

20.     The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21.     Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

22.     Defendant Purchaser is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

23.     Flexion is a biopharmaceutical company focused on the development and commercialization of novel, local therapies for the treatment of patients with musculoskeletal conditions, beginning with osteoarthritis (OA), the most common form of arthritis.

24.     On October 11, 2021, Flexion's Board caused the Company to enter into the Merger Agreement.

25.     Pursuant to the terms of the Merger Agreement, Purchaser commenced the Tender

Offer to acquire all of Flexion's outstanding common stock for $8.50 in cash and one CVR per

share.

26.     According to the press release announcing the Proposed Transaction:

Pacira BioSciences, Inc. (Nasdaq: PCRX), the industry leader in its commitment to
non-opioid pain management and regenerative health solutions, and Flexion
Therapeutics, Inc. (Nasdaq: FLXN) today announced a definitive agreement
pursuant to which Pacira will acquire Flexion for $8.50 per share in cash, plus one
non-tradeable contingent value right (CVR) worth up to $8.00 per share in cash.
The CVR is payable (subject to certain terms and conditions) in the event certain
sales and/or regulatory milestones are achieved, as set forth in more detail below.
The transaction was unanimously approved by the board of directors of each of
Pacira and Flexion. . . .

Transaction Details

Under the terms of the definitive agreement, Pacira will commence a tender offer
to acquire all outstanding shares of Flexion for a purchase price of $8.50 per share
in cash, plus one non-tradeable CVR. The CVR will entitle Flexion stockholders to
up to an additional $8.00 per share in cash payable (subject to certain terms and
conditions) upon achievement of the following milestones:

$1.00 per share if total calendar year ZILRETTA net sales achieve $250 million;

$2.00 per share if total calendar year ZILRETTA net sales achieve $375 million;

$3.00 per share if total calendar year ZILRETTA net sales achieve $500 million;

$1.00 per share upon U.S. FDA approval of FX201; and

$1.00 per share upon U.S. FDA approval of FX301.

The milestones associated with each contingent cash payment must be achieved, if
at all, on or before December 31, 2030. There can be no assurance any payments
will be made with respect to the CVR. The transaction is not subject to any
financing condition and Pacira will fund the transaction from its existing cash
resources.

Flexion's board of directors unanimously recommends that Flexion's stockholders
tender their shares in the tender offer. Additionally, Flexion's directors and

executive officers, or their affiliates, have (subject to certain terms and conditions) agreed to tender their shares in the tender offer.

Timing to Close

The transaction is anticipated to close during the fourth quarter of 2021, subject to customary closing conditions, including receipt of required regulatory approvals and the tender of a majority of the outstanding shares of Flexion's common stock. Following the successful closing of the tender offer, Pacira will acquire any shares of Flexion that are not tendered in the tender offer through a second-step merger at the same consideration as paid in the tender offer. . . .

Advisors

J.P. Morgan Securities LLC acted as financial advisor to Pacira and Perkins Coie LLP is serving as its legal advisor. Lazard acted as lead financial advisor and Goldman Sachs also acted as financial advisor to Flexion. Cooley LLP is serving as Flexion's legal advisor.

### *The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

27.     Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

28.     As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

29.     First, the Solicitation Statement omits material information regarding the Company's financial projections.

30.     The Solicitation Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

31.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32.     Second, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Lazard.

33.     With respect to Lazard's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates; and (ii) the unlevered free cash flows used in the analysis and all underlying line items.

34.     With respect to Lazard's Selected Precedent Transactions Analysis, the Solicitation Statement fails to disclose: (i) the individual multiples and metrics of the transactions; (ii) the closing dates of the transactions; and (iii) the total values of the transactions.

35.     With respect to Lazard's Selected Public Companies Analysis, the Solicitation Statement fails to disclose the individual multiples and metrics of the selected transactions.

36.     With respect to Lazard's Premia Paid Analysis, the Solicitation Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

37.     With respect to Lazard's Research Analyst Price Targets analysis, the Solicitation Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

38.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39.     Third, the Solicitation Statement fails to disclose whether Goldman Sachs has performed past services for the parties to the Merger Agreement and their affiliates, and if so, the timing and nature of the services and the amount of compensation received by Goldman Sachs for providing the services.

40.     The omission of the above-referenced material information renders the Solicitation Statement false and misleading.

41.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

42.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43.     Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

44.     Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

45.     The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

46.     The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

47.     By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

48.     The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection

with the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

49.     Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

50.     By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

51.     Because of the false and misleading statements in the Solicitation Statement, plaintiff is threatened with irreparable harm.

52.     Plaintiff has no adequate remedy at law.

## COUNT II

### (Claim for Violation of 14(d) of the 1934 Act Against Defendants)

53.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54.     Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

55.     Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

56.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

57.     Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

58.     The omissions in the Solicitation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

59.     Plaintiff has no adequate remedy at law.

## COUNT III

### (Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants, Parent, and Purchaser)

60.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61.     The Individual Defendants, Parent, and Purchaser acted as controlling persons of Flexion within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as directors of Flexion and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

62.     Each of the Individual Defendants, Parent, and Purchaser was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior

to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

63.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly connected with and involved in the making of the Solicitation Statement.

64.     Parent and Purchaser also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

65.     By virtue of the foregoing, the Individual Defendants, Parent, and Purchaser violated Section 20(a) of the 1934 Act.

66.     As set forth above, the Individual Defendants, Parent, and Purchaser had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

67.     As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

68.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A.      Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  October 28, 2021                    **RIGRODSKY LAW, P.A.**

By:   */s/ Gina M. Serra*
      Seth D. Rigrodsky
      Timothy J. MacFall
      Gina M. Serra
      Vincent A. Licata
      825 East Gate Boulevard, Suite 300
      Garden City, NY 11530
      (516) 683-3516
      sdr@rl-legal.com
      tjm@rl-legal.com
      gms@rl-legal.com
      vl@rl-legal.com

      *Attorneys for Plaintiff*